IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF PENNSYLVANIA

FAITH A. DUCHENE,                )
                                 )
          Plaintiff,             )
                                 )
     v.                          ) Civil Action No. 05-856
                                 )
JO ANNE B. BARNHART,             )
COMMISSIONER OF                  )
SOCIAL SECURITY,                 )
                                 )
          Defendant.              )

MEMORANDUM JUDGMENT ORDER

AND NOW, this 18th day of September, 2006, upon due consideration of the parties' cross-motions for summary judgment pursuant to plaintiff's request for review of the decision of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for disability insurance benefits under Title II of the Social Security Act ("Act"), IT IS ORDERED that the Commissioner's motion for summary judgment (Document No. 10) be, and the same hereby is, granted and plaintiff's motion for summary judgment (Document No. 7) be, and the same hereby is, denied.

As the factfinder, an Administrative Law Judge ("ALJ") has an obligation to weigh all of the facts and evidence of record and may reject or discount any evidence if the ALJ explains the reasons for doing so. Plummer v. Apfel, 186 F.3d 422, 429 (3d Cir. 1999). Where the ALJ's findings of fact are supported by substantial evidence, a reviewing court is bound by those

findings, even if it would have decided the factual inquiry differently. <u>Fargnoli v. Massanari</u>, 247 F.3d 34, 38 (3d Cir. 2001). These well-established principles preclude a reversal or remand of the ALJ's decision here because the record contains substantial evidence to support the ALJ's findings and conclusions.

Plaintiff protectively filed her pending application for benefits on October 21, 2003, alleging a disability onset date of February 25, 2003, due to diabetes, heart disease, thyroid disease, high blood pressure, degenerative bone disease and anxiety attacks. Plaintiff's application was denied initially. At plaintiff's request, an ALJ held a hearing on February 11, 2005, at which plaintiff, represented by counsel, appeared and testified. On March 10, 2005, the ALJ issued a decision finding that plaintiff is not disabled. On June 3, 2005, the Appeals Council denied review making the ALJ's decision the final decision of the Commissioner.

Plaintiff was 45 years old at the time of the ALJ's decision and is classified as a younger person under the regulations. 20 C.F.R. §404.1563(c). Plaintiff has a high school education and has past relevant work experience as a dental office manager, receptionist, uncertified teacher, teacher's aide and daycare worker, but she has not engaged in any substantial gainful activity since her alleged onset date. For Title II purposes, the ALJ found that plaintiff met the disability insured status requirements of the Act on her alleged onset date and has

sufficient quarters of coverage to remain insured through at least the date of the ALJ's decision.

After reviewing plaintiff's medical records and hearing testimony from plaintiff and a vocational expert, the ALJ concluded that plaintiff is not disabled within the meaning of the Act. The ALJ found that although the medical evidence establishes that plaintiff suffers from the severe impairments of coronary artery disease, type I diabetes, left shoulder pain and anxiety, those impairments, alone or in combination, do not meet or equal the criteria of any impairment listed at 20 C.F.R., Appendix 1.

The ALJ also found that, although plaintiff cannot perform her past relevant work, she retains the residual functional capacity to engage in a significant range of light work with certain restrictions recognizing the limiting effects of her impairments.[1] A vocational expert then identified numerous categories of jobs which plaintiff could perform based upon her age, education, work experience and residual functional capacity, including inspector, laundry folder and sorter, all at the light exertional level, and surveillance system monitor, inspector/checker and assembler, all at the sedentary exertional level.

---

[1] The ALJ found that plaintiff "can occasionally stoop, kneel, crouch and crawl but never climb or balance. She is limited in pushing and pulling with the upper extremities. She is limited to simple, unskilled work that is essentially isolated with only occasional contact with the general public, co-workers or supervisors, does not require traveling and is low stress defined as having only occasional changes in the work setting." (R. 26).

Relying on the vocational expert's testimony, the ALJ found that plaintiff is capable of making an adjustment to work which exists in significant numbers in the national economy. Accordingly, the ALJ determined that plaintiff is not disabled within the meaning of the Act.

The Act defines "disability" as the inability to engage in substantial gainful activity by reason of a physical or mental impairment which can be expected to last for a continuous period of at least twelve months. 42 U.S.C. §423(d)(1)(A). The impairment or impairments must be so severe that the claimant "is not only unable to do his previous work but cannot, considering his age, education and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." 42 U.S.C. §423(d)(2)(A).

The Commissioner has promulgated regulations incorporating a five-step sequential evaluation process[2] for determining whether a claimant is under a disability. 20 C.F.R. §404.1520; Newell v. Commissioner of Social Security, 347 F.3d 541, 545 (3d Cir. 2003). If the claimant is found disabled or not disabled at any step, the claim need not be reviewed further. Id.; see Barnhart v. Thomas,

---

[2] The ALJ must determine in sequence: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether she has a severe impairment; (3) if so, whether her impairment meets or equals the criteria listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) if not, whether the claimant's impairment prevents her from performing her past-relevant work; and (5) if so, whether the claimant can perform any other work which exists in the national economy, in light of her age, education, work experience, and residual functional capacity. 20 C.F.R. §404.1520. See also Newell, 347 F.3d at 545-46.

124 S.Ct. 376 (2003). Additionally, 20 C.F.R. §416.920a, which deals specifically with the evaluation of mental impairments, must be followed by the Commissioner whenever there is evidence of a mental impairment that allegedly prevents a claimant from working. Plummer, 186 F.2d at 432.

Here, plaintiff raises several challenges to the ALJ's findings: (1) the ALJ improperly analyzed the medical evidence; and, (2) the ALJ improperly analyzed plaintiff's testimony regarding her pain and limitations. Upon review, the court finds that the ALJ properly evaluated the evidence and that all of the ALJ's findings are supported by substantial evidence.

Plaintiff's first challenge to the ALJ's finding of not disabled is that the ALJ improperly evaluated the medical evidence. Specifically, plaintiff contends that the ALJ failed to consider an opinion from her treating physician, Camille Buonocore, M.D., suggesting that plaintiff is disabled, and that the ALJ improperly gave more weight to the opinion of one state agency consulting examiner over that of another. After reviewing the record, the court is satisfied that the ALJ's evaluation of the medical evidence is supported by substantial evidence.

Under the Social Security Regulations and the law of this circuit, opinions of treating physicians are entitled to substantial, and at times even controlling, weight. 20 C.F.R. §404.1527(d)(2); Fargnoli, 247 F.3d at 33. Where a treating physician's opinion on the nature and severity of an impairment is well supported by medically acceptable clinical and laboratory

diagnostic techniques and is not inconsistent with other substantial evidence in the record, it will be given controlling weight. Id. When a treating source's opinion is not entitled to controlling weight, it is evaluated and weighed under the same standards applied to all other medical opinions, taking into account numerous factors including the opinion's supportability, consistency and specialization. 20 C.F.R. §404.1527(d).

Here, the ALJ adhered to the foregoing standards in evaluating the medical evidence and adequately explained her assessment of that evidence. (R. 18-19; 22-23). Although plaintiff contends that the ALJ ignored an opinion letter from Dr. Buonocore that was filed after the hearing, that one paragraph letter contained no new information on plaintiff's condition that was not already contained in Dr. Buonocore's other records and merely summarized plaintiff's treatment history. (R. 270).

Moreover, contrary to plaintiff's assertion, Dr. Buonocore's letter did not state an opinion that plaintiff was disabled, but instead merely suggested that "she would medically improve significantly if she were on disability and not working." (Id.) As the Commissioner points out in her brief, there is a large distinction between whether an individual's condition would improve if not working and whether that individual is <u>capable</u> of working.

In addition, to the extent Dr. Buonocore believes that plaintiff is disabled, the determination of disability is reserved solely to the Commissioner and the opinion of a physician,

treating or otherwise, never is entitled to special significance on that ultimate determination.  20 C.F.R. §404.1527(e); SSR 96-5p.  Here, based upon his review of the entire record, including plaintiff's medical records and plaintiff's testimony and reported daily activities, the ALJ concluded that plaintiff's impairments, while severe, do not preclude her from performing any substantial gainful activity.

The court also finds no error in the ALJ's decision to accord more weight to the assessment from Dr. Pana-Kumar, a state agency physician, who indicated that plaintiff was capable of light work, than that of Dr. Aggarwal, a neurologist.  The ALJ expressly addressed each of these opinions in her decision and thoroughly explained her rationale for giving each medical opinion the weight to which she thought it entitled.  (R. 19, 22-23).  The court is satisfied that the ALJ's treatment of these reports is supported by substantial evidence.

The ALJ's residual functional capacity finding, that plaintiff retains the ability to perform light and sedentary work with restrictions, is supported by the medical evidence and is consistent with plaintiff's testimony as to her daily activities and her self-reported limitations.  The ALJ considered all of th relevant medical evidence and adequately explained her rationale as to why she was giving it the weight she thought it was entitled.  Plaintiff's contention that the ALJ failed to properly evaluate the medical evidence is without merit.

Likewise, the court finds that the ALJ properly evaluated

plaintiff's subjective complaints of pain and limitations in accordance with the regulations.[3]  In assessing plaintiff's credibility, the ALJ considered plaintiff's subjective complaints, but **also** considered those complaints in light of the medical evidence, plaintiff's treatment history and all of the other evidence of record.  In doing so, the ALJ concluded that plaintiff's subjective complaints of totally disabling pain and limitations are inconsistent with both her self-reported activities of daily living as well as with the clinical and objective medical findings of record.  (R. 23-24).  The ALJ thoroughly explained her credibility finding in her decision and that finding is supported by substantial evidence.

After carefully and methodically considering all of the medical evidence of record and plaintiff's testimony, the ALJ determined that plaintiff is not disabled within the meaning of the Act.  The ALJ's findings and conclusions are supported by substantial evidence and are not otherwise erroneous.  Accordingly, the decision of the Commissioner must be affirmed.

/s/ Gustave Diamond
Gustave Diamond
United States District Judge

---

[3] Allegations of pain and other subjective symptoms must be supported by objective medical evidence, 20 C.F.R. §404.1529(c), and an ALJ may reject a claimant's subjective testimony if he does not find it credible so long as he explains why he is rejecting the testimony.  <u>Schaudeck v. Commissioner of Social Security</u>, 181 F.3d 429, 433 (3d Cir. 1999); <u>see also</u> SSR 96-7p.

cc: Charles T. Pankow, Esq.
    1733 Pontiac Avenue
    Pittsburgh, PA 15216

    Paul Kovac
    Assistant U.S. Attorney
    U.S. Post Office & Courthouse
    700 Grant Street, Suite 4000
    Pittsburgh, PA 15219